UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| VICTOR CRAIG ALFIERI, ) | Case No. 6:11-bk-01285-KSJ |
| KATHERINE MARIE LOCKETT, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION GRANTING
TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

Desperate to immediately file bankruptcy, the debtors, Victor Alfieri and Katherine Lockett, hired their attorney, Ray Rotella, just days before this Chapter 7 case was filed. Because they lacked funds to pay his fee in full, Mr. Rotella asked the debtors to sign a promissory note for $2,350, and a related agreement granting him a security interest in the debtors' expected 2010 federal tax refund. The debtors later received the tax refund of $5,675 and paid Rotella the agreed remaining fee of $2,350.

The Chapter 7 trustee, Arvind Mahendru, now asks the Court to direct both Rotella and the debtors to turn over the non-exempt portion of their 2010 tax refund—$5,525.[1] The debtors agree that they must pay the trustee the amount of the refund they retained, $3,175, and have started making monthly payments to him; however, Rotella argues he should not have to refund the balance of $2,350 paid to him by the debtors because his fee was properly secured.[2] The trustee objects.[3] The issue is whether an attorney representing a Chapter 7 debtor who takes a pre-petition security interest in a future federal tax refund received after the bankruptcy filing may enforce the security agreement. On the specific facts of this case, the Court will grant the trustee's motion and direct

---

[1] Doc. No. 11. The trustee agrees that $150 of the tax refund is properly exempt from claims of creditors and his administration. Therefore, the total amount sought by the trustee is $5,525.
[2] Doc. No. 14.
[3] Doc. No. 11.

Rotella to turn over the $2,350, finding that he did not properly disclose the existence of his security agreement with the debtors and, as such, is not entitled to retain the payment.

The facts are undisputed. The debtors retained Rotella and his firm to file this bankruptcy case. They wanted to move immediately to Georgia and were eager to file bankruptcy quickly. Yet, they did not have enough money to pay Rotella his full fee of $3,451. Instead, the debtors paid only $1,101 prior to the filing, leaving an outstanding balance of $2,350.[4] On January 28, 2011, debtors and Rotella signed a promissory note and security agreement whereby Rotella acquired a lien over debtors' interest in their 2010 tax refund to secure payment of outstanding attorney's fees.[5] On January 31, 2011,[6] at 8:00 a.m., Rotella filed a U.C.C. Financing Statement in the Florida Secured Transaction Registry. Debtors filed bankruptcy later that afternoon, on January 31, 2011,[7] at 4:23 p.m. Debtors' bankruptcy petition listed the 2010 tax refund in Schedule B in the amount of $2,500[8] of which they claimed $150[9] as exempt property. After filing bankruptcy, debtors received the tax refund in the greater amount of $5,675. They remitted to Rotella $2,350 and kept the remaining funds in the amount of $3,325.[10] The trustee moves for turnover of the non-exempt portion of the refund or $5,525. The parties do not dispute that the tax refund is property of the estate or that the debtors must pay the trustee the portion they retained of $3,175.[11] The only issue is whether Rotella can keep the $2,350 paid by the debtors pursuant to the security agreement.

The Florida Rules Regulating the Florida Bar set a very strict standard for attorneys to follow in obtaining a security interest in their clients' property. Under applicable Rule 4-1.8,[12] attorneys

---

[4] Doc. No. 1, Page 53 Disclosure of Compensation of Attorney for Debtor.
[5] Debtors' Exhibit No. 1.
[6] *Id.*
[7] Doc. No. 1.
[8] Doc. No. 1, Page 12.
[9] Doc. No. 1, Page 16.
[10] Doc. No. 14, Debtors' Objection and Request for a Hearing in Trustee's Motion to Turnover Attorney Fees.
[11] *See Segal v. Rochelle*, 382 U.S. 375 (1966); *In re Doan*, 672 F.2d 831 (11th Cir. 1982); *In re Dussing*, 205 B.R. 332 (Bankr. M.D.Fla. 1996).
[12] R. Regulating Fla. Bar 4-1.8.

cannot acquire ownership, possessory, security or other pecuniary interest adverse to a client to secure a lawyer's fee or expenses, *unless*:

> (1) the transaction and terms on which the lawyer acquired the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be reasonably understood by the client;
>
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
>
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Nothing in the Bankruptcy Code or Florida law directly precludes attorneys from entering into an agreement to secure their fees with debtors' property interests. Allowing attorneys to enter into a security agreement with their clients permits debtors to get competent legal representation that they need but otherwise could not afford. Rotella certainly is an experienced and proficient bankruptcy attorney, and, without question, he deserved the fee he quoted for his work in this case. But, nothing in the record establishes that he complied with the high standards of The Florida Bar rules in entering into a security agreement with his clients. In a bankruptcy setting, attorneys "should expect heightened scrutiny of the propriety"[13] of this type of fee agreement. Certainly, the attorney must demonstrate compliance with the applicable bar rules. Rotella failed to meet this standard.

More importantly, debtors' attorneys are required to fully and conspicuously disclose these unusual and disfavored agreements in compliance with Bankruptcy Code §329[14] and Bankruptcy Rule of Procedure 2016. Here, Rotella utterly failed to meet his professional duty. As this Court has previously explained in *In re Whaley*[15] and *In re Geller*,[16] disclosure of compensation and compensation arrangements is mandatory for debtors' attorneys. "Bankruptcy Code §329 and

---

[13] *In re Parkhurst*, 2002 WL at *5.
[14] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.
[15] 282 B.R. 38, 41-42 (Bankr. M.D. Fla. 2002).
[16] No.6:08-bk-5754-KSJ, 2009 Bankr. Lexis 326, 2009 WL 361379 (Bankr. M.D. Fla. 2009).

Bankruptcy Rule 2016 operate together and govern disclosure. Bankruptcy Code §329 requires a debtor's attorney to disclose any compensation paid or agreed to be paid if the payment or agreement to make payment was made in the year prior to the petition date."[17] The source of compensation also must be disclosed.[18] A debtor's attorney must file the statement required by §329 within 14 days of the filing of the petition pursuant to Bankruptcy Rule 2016.[19] "Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient."[20] "The disclosure system can properly function only when debtors' attorneys automatically and voluntarily, without prompting from the Court or a party in interest, disclose all payments received from their clients."[21]

Where fees or payment arrangements are not timely or properly disclosed, courts properly can order disgorgement or impose sanctions as appropriate depending on the circumstances of each case.[22] Courts considering fee agreements involving transfers of property have declared the transfer void when the agreement is not properly disclosed.[23]

In this case, Rotella's statement of attorney compensation totally fails to disclose the agreement securing Rotella's unpaid fees. The disclosure mentions only the total agreed amount of his fee ($3,451) and deducts the $1,101 received pre-petition. However, the statement incorrectly states the amount due will be paid by the debtor, when in fact the true source of compensation is the lien encumbering the debtors' future tax refund. Rotella's disclosure of compensation nowhere mentions the security agreement or the related promissory note.

---

[17] *Id.* 2009 Bankr. Lexis at *5, 2009 WL at *1.
[18] 11 U.S.C §329(a).
[19] Fed. R. Bankr. P 2016(b).
[20] *In re Saturely*, 131 B.R. 509, 517 (Bankr.D.Me. 1991). *See also, McTyeire v. Hunt (In re McTyeire)*, 357 B.R. 898 (Bankr. M.D.Ga. 2006); *In re Jackson*, 104 B.R. 333 (Bankr. N.D.Ill. 2009); *In re Waldo*, 417 B.R. 854 (Bankr. E.D.Tenn. 2009).
[21] *In re Hackney*, 347 B.R. 432, 442 (Bankr. M.D.Fla.2006).
[22] *Whaley*, 282 B.R. at 41 (citing *In re Campbell*, 259 B.R. 615, 628 (Bankr. N.D.Ohio 2001); *Law Offices of Nicholas A. Frank v. Marcy J.K. Tiffany (In re Lewis)*, 113 F.2d 1040, 1045 (9th Cir. 1997); *Hale v. U.S. Trustee (In re Basham)*, 208 B.R. 926, 931 (B.A.P. 9th Cir. 1997); *Mapother & Mapother v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996)).
[23] *In re Whitman*, 51 B.R. 502 (Bankr. D. Mass. 1985); *In re Parkhurst*, 2002 WL 33939708 (Bankr. D. Idaho 2002).

Equally troubling, the debtors also failed to correctly disclose the existence of the security agreement in response to Question 9 of their Statement of Financial Affairs which specifically requires disclosure of "all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning … relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case."[24] The debtors listed the monies they paid Rotella before filing the case but notably did not list the security agreement. Although the Court located a reference to the security agreement on the debtors' Schedule D, their Statement of Intentions, and in the means test calculation, they did not completely answer Question 9 on the SOFA which is the place a party, particularly the trustee administering the case, would look to determine whether any potentially avoidable transfer occurred.[25] Any parties reviewing the debtors' pleadings would have to work diligently to "connect the dots" between the varying information to determine the source of payment for the balance of Rotella's fee. The primary purpose of the disclosure rules is to avoid precisely this type of gamesmanship.

Both the debtors and, more significantly, Rotella, as an officer of the Court with a higher duty, failed to properly disclose the existence of the security agreement. Furthermore, nothing in the record indicates that the security agreement and the note signed by the debtors meet the requirements of Rule 4-1.8 of the Rules Regulating the Florida Bar. Any bankruptcy attorney representing a Chapter 7 debtor contemplating taking a security interest in their clients property absolutely must initially disclose the existence of the security agreement and all relevant terms in the attorney's Disclosure of Compensation, and the debtors must disclose similar information in their Statement of Financial Affairs and anywhere and everywhere else appropriate. These types of fee arrangements have the potential to over-reach, and this Court shall require strict compliance with all applicable

---

[24] Doc. No. 1, Page 34.
[25] Doc. No. 1, Pages 17, 43-45, and 46-52.

bankruptcy and state law requirements, including compliance with the Florida Rules Regulating the Florida Bar.

Rotella did not comply with his disclosure obligation. Rotella did not comply with the Florida standards. The debtors likewise did not properly disclose the existence of the security agreement. The proper consequence is that Rotella should immediately refund the $2,350 paid to him by the debtors to the trustee for administration in this case. The security agreement is unenforceable; the debtors owe Rotella no further fees in light of their discharge.[26]

Accordingly, the Court will sustain the trustee's objection to the fee paid to Rotella and grant the trustee's motion. Rotella shall disgorge the fees of $2,350 paid to him from the 2010 tax refund within 14 days. Similarly, the debtors shall pay the trustee $3,125 for the balance of the non-exempt portion of their 2010 tax refund pursuant to any appropriate payment arrangement they reach with the trustee. A separate order consistent with this Memorandum Opinion shall be entered simultaneously.

DONE AND ORDERED on September 30, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: Victor Craig Alfieri, 125 Ivygreen Chase, Canton, GA 30114

Debtor: Katherine Marie Lockett, 2580 Passamonte Drive, Winter Park, FL 32792

Debtors' Attorney: Raymond J. Rotella, Kosto & Rotella PA, 619 E. Washington Street, Orlando, FL 32801

Trustee: Arvind Mahendru, 5703 Red Bug Lake Road, Suite 284, Winter Springs, FL 32708

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

---

[26] Doc. No. 12.