UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VICTOR CRAIG ALFIERI, | ) | Case No.  6:11-bk-01285-KSJ |
| KATHERINE MARIE LOCKETT, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |

MEMORANDUM OPINION
DENYING MOTION FOR RECONSIDERATION OF ORDER
GRANTING TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

The debtors seek reconsideration of the order[1] directing their bankruptcy counsel, Ray Rotella, to pay the Chapter 7 Trustee, Arvind Mahendru, a portion of his attorney's fees ($2,350) received pursuant to a security interest Mr. Rotella obtained in the debtors' expected 2010 federal tax refund.[2] Rotella primarily contends the Court erred in holding the security agreement was not sufficiently disclosed. The Court declines to reconsider its prior order concluding that the failure to list the security in the debtors' Statement of Compensation is a fatal defect, and the debtors' partial disclosure of the security agreement in Schedule D and the debtors' Statement of Intention is insufficient to prevent the turnover of the fees to the trustee.

The debtors' timely filed motion seeks reconsideration of the Court's prior order under Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59. Reconsideration of a prior order under Rule 59 is "an extraordinary remedy to be employed sparingly."[3] The only grounds for granting reconsideration under Rule 59 are a change in controlling law, newly discovered evidence, or a clear error of law or fact.[4] Motions seeking reconsideration should not re-argue issues already

---

[1] Doc. No. 24.
[2] Doc. No. 31.
[3] *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).
[4] *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *In re Barber*, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004); *In re Investors Florida Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994).

resolved by the court or raise new arguments.[5] Here, the debtors do not assert any changes in controlling law.  Nor do they point to any newly discovered evidence.  Rather, they argue that this Court made errors of fact and law that justify modification of the prior ruling.

In the bankruptcy field, all professionals, including attorneys, are held to a very high standard—they must fully and completely disclose the amount, any potential conflicts, and all agreements relating to the payment of their fees. Bankruptcy Code §329[6] and Bankruptcy Rule of Procedure 2016 specifically require attorneys to file and to supplement, if needed, a statement of attorney compensation that lists in detail all provisions of the attorney's fee agreement with his client. The statement requires an attorney to explain *in detail* the amount of attorney's fees agreed to, the amount received pre-petition, the balance due, the source of compensation, if the attorney will share any of the fees, and any other relevant term relating to the payment of fees.  An attorney *without exception* must disclose in the statement of compensation any agreement with a client for payment of fees in the future, including any agreement to secure fees with property of the debtor. Moreover, the attorney must disclose the terms of the agreement with specificity in the statement of compensation.

The attorney may not avoid his mandatory disclosure obligation by failing to file a complete statement of compensation and simply scattering partial disclosures relating to the payment of his fees throughout other pleadings filed by his client, which is what happened in this case.   Here, the debtors listed the law firm of Kosto and Rotella as a secured creditor holding a 'statutory lien' in their Schedule D (listing secured obligations), their Statement of Intentions, and their means test. None of these entries are signed by the attorney.  More importantly, none of these entries provide sufficient information to allow the trustee, if desired, to challenge attorney's fee arrangements.  The entries do not indicate the claim stemmed from attorney's fees and do not disclose the existence of

---

[5] *In re Investors Florida Aggressive Growth Fund, Ltd.*, 168 B.R., at 768.

[6] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

any related promissory note or security agreement, which the trustee could administer for the benefit of creditors of this estate.

The debtors now argue that the trustee failed to directly raise the issue as to the sufficiency of Mr. Rotella's disclosure at the prior hearing.  The trustee's failure to raise the disclosure issue does not change the result.  Courts have an independent judicial responsibility to review fee agreements,[7] even when the non-disclosure is the result of mistake or inadvertence.[8]  This Court strictly enforces the duty of all attorneys to fully and completely disclose their payment terms in the statements of compensation they sign and will require the disgorgement of all fees paid but improperly disclosed. Casual or incomplete disclosure will result in the forfeiture of attorney fees. Any attorney who obtains a security interest in their client's property to secure bankruptcy related fees must, first and foremost, disclose with specificity the existence of the agreement in their statement of compensation. No exceptions are allowed.

In addition, debtors must disclose all payments or property transferred by or on behalf of the debtor to attorneys for consultation concerning the filing of a bankruptcy petition in their statement of financial affairs. A transfer is defined by the Bankruptcy Code as:

> (a) the creation of a lien;
> (b) the retention of title as a security interest;
> (c)  the foreclosure of a debtor's equity of redemption; or
> (d) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with
> > (i) property; or
> > (ii) an interest in property.[9]

If an attorney obtains a lien over a debtor's property to secure attorney's fees related to the bankruptcy petition, a transfer has occurred[10] which must be disclosed in Question 9 of the Statement of Financial Affairs.  Debtors failed to make this mandatory disclosure.

---

[7] *In re Laberge*, 380 B.R. 277, 282 (Bankr. D. Mass. 2008).
[8] *Id* at 284.
[9] 11 U.S.C §101(54).
[10] *Grant v. Kaufman (In re Hagen)*, 922 F.2d 742, 745 (11th Cir. 1991).

Debtors also argue that Florida Bar Rule 4-1.8 is not relevant because this rule is not applicable to a "lien granted by law to secure a lawyer's fee or expenses." Rotella claims to possess a "lien granted by law," yet, he relies upon a consensual security agreement created by the filing of a U.C.C. Financing Statement to support his security interest.  Rotella does not hold a statutory lien. He holds, at best, a security interest created by mutual agreement or contract. The filing of a U.C.C. Statement does not change the contractual nature of the lien. Rule 4-1.8 only excepts a lien granted by *law*, not by contract.

In Florida, there are two types of liens to secure a lawyer's fee created by operation of common law: charging liens and retaining liens.

> "The common law charging lien permits the attorney to have his fees and costs due to him for services rendered in connection with a particular lawsuit secured by the judgment or recovery from such lawsuit. . . . A retaining lien is purely a possessory lien giving the attorney the right to retain possession of his client's books, documents, money or any other property which comes into the attorney's hands during the course of his employment until the balance due for the attorney's services is paid."[11]

Rotella's lien is neither a charging lien nor a retaining lien granted by Florida common law. The lien in this case is not within the exception contemplated by Rule 4-1.8, thus the Rule *is* applicable. Furthermore, the fact that one of the debtors is also an attorney does not excuse counsel's compliance with the rules regulating the Bar. Attorneys representing attorneys still must comply with all relevant rules of professional conduct, perhaps even more so.

Mr. Rotella is a well regarded and highly respected member of the bar who has successfully represented parties before this Court for many years. This ruling in no way intends to befoul Rotella's competence and reputation as a bankruptcy practitioner.  He is an excellent lawyer.  In this case, he did not act with intent to deceive or hide information from the Chapter 7 trustee or the Court. He simply did not properly and fully disclose a significant element of his fee arrangement— the security agreement and promissory note—in his statement of compensation. Although Mr.

---

[11] *In re Banks*, 94 B.R. 772, 773 (Bankr. M.D. Fla. 1989) (citations omitted).

Rotella likely was just a little too rushed or a little too casual in his disclosure in this case, the Court is more concerned about lawyers who too easily slide down the slope toward no or incomplete disclosure in other cases. The standard is unambiguous—an attorney must clearly and with specificity disclose all terms relating to his fee agreement with his client in his statement of compensation or forfeit the right to receive payment.

The Court can find no error of law or fact in its prior ruling. The motion for reconsideration is denied. A separate order consistent with this Memorandum Opinion shall be simultaneously entered.

DONE AND ORDERED on February 24, 2012.

_____

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Victor Craig Alfieri, 125 Ivygreen Chase, Canton, GA  30114

Debtor:  Katherine Marie Lockett, 2580 Passamonte Drive, Winter Park, FL  32792

Debtors' Attorney:  Raymond J. Rotella, Kosto & Rotella PA, 619 E. Washington Street, Orlando, FL  32801

Trustee:  Arvind Mahendru, 5703 Red Bug Lake Road, Suite 284, Winter Springs, FL  32708

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801